ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SAMANTHA SCHOTT (NYBN 5132063)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   samantha.schott@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 4-18-70063 MAG |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL [AS MODIFIED] |
| v. | |
| MEUY KUN SAELIOW, | |
| Defendant. | |

On January 19, 2018, a Criminal Complaint was filed in the Eastern District of Virginia charging Defendant MEUY KUN SAELIOW with a violation of Title 21, United States Code, Sections 841(a)(1) and 846 – Conspiracy to Distribute and Possess with Intent to Distribute Fifty Grams or More of Methamphetamine. On January 22, 2018, Defendant was arrested in the Northern District of California, and the government filed a Notice of Proceedings on Out-of-District Criminal Charges pursuant to Rules 5(c)(2) and 5(c)(3) of the Federal Rules of Criminal Procedure. On January 23, 2018, Defendant appeared before this Court for initial appearance on the out of district charges. On January 25, 2018, Defendant appeared before this Court for a detention hearing, which was continued at the Defendant's request to January 30, 2018, to allow Defendant additional time to identify a potential surety. On January 30, 2018, the detention hearing was continued one day, to January 31, 2018. Defendant

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
4-18-70063 MAG

appeared before this Court on January 31, 2018, and was represented by her counsel, Assistant Federal Public Defender Jerome Matthews, appearing for Assistant Federal Public Defender Hanni Fakhoury. Special Assistant United States Attorney Samantha Schott represented the United States.

At the initial appearance for detention hearing, the government moved for detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the Defendant at future court appearances in the Eastern District of Virginia. Pretrial Services submitted a report highlighting Defendant's significant risk of non-appearance and danger to the community. While Pretrial Services noted in its report to the Court that the danger Defendant posed to the community could potentially be mitigated by conditions including drug treatment, Pretrial Services agreed that, without a viable surety, no condition or combination of conditions could mitigate the Defendant's risk of flight/non-appearance. Defendant proffered a family member as a potential surety, and sought release with conditions including drug treatment and electronic monitoring.

Upon consideration of the Pretrial Services reports, the court file, and the party proffers at the detention hearing, the Court finds by a preponderance of the ~~clear and convincing~~ evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required at future court appearances in the Eastern District of Virginia. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

~~[PROPOSED]~~ ORDER DETAINING DEFENDANT PRIOR TO TRIAL
4-18-70063 MAG

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds that no combination of conditions can reasonably assure the appearance of the Defendant as required in the Eastern District of Virginia. The Court is particularly concerned with the Defendant's significant, documented controlled substance dependency, which makes it more likely that the Defendant will fail to abide by court orders and appear as required in the Eastern District of Virginia. The Court further notes the Defendant's lack of ties to the district where the Defendant will be prosecuted, ~~as well as limited financial means~~. The Court agreed with the Pretrial Services Officer that the Defendant's proffered surety would not be a suitable surety, given her criminal history, ~~and lack of candor with the Pretrial Services Officer~~. Without a qualified surety to sign onto a bond to ensure the Defendant will follow the Court's orders, the Court is not satisfied that the Defendant will appear as required.

Given the history and characteristics of the Defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the appearance of the Defendant as required.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

February 4, 2018

_____
HON. DONNA M. RYU
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
4-18-70063 MAG